﻿Citation Nr: 19172644
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 14-25 238A
DATE: September 18, 2019

ORDER

Entitlement to service connection for actinic keratosis with sebaceous cysts, to include as secondary to herbicide exposure, is denied.

REMANDED

Entitlement to service connection for hypertension, to include as secondary to herbicide exposure, is remanded.

Entitlement to service connection for end-stage renal dysfunction, to include as secondary to diabetes mellitus type II, is remanded.

FINDING OF FACT

The Veteran’s actinic keratosis with sebaceous cysts is less likely than not related to service to include herbicide exposure.

CONCLUSION OF LAW

The criteria for entitlement to service connection for actinic keratosis, to include as due to herbicide exposure, have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from June 1965 to December 1968. 

Service Connection

Generally, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. 38 U.S.C. § 1112; 38 C.F.R. § 3.304. See also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996) [(table)].

In addition, service connection may be granted where a disability is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a) (2018). Additional disability resulting from the aggravation of a non-service-connected condition by a service-connected condition is also compensable under 38 C.F.R. § 3.310(a).

Further, a veteran who served in the Republic of Vietnam between January 9, 1962, and May 7, 1975, or in certain areas near the Demilitarized Zone in the Republic of Korea from April 1, 1968, to August 31, 1971, is presumed to have been exposed to certain designated herbicide agents (e.g., Agent Orange) during such service, absent affirmative evidence to the contrary. 38 U.S.C. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). In the case of such a veteran, service connection based on herbicide exposure will be presumed for certain specified diseases that become manifest to a compensable degree. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e). Actinic keratosis with sebaceous cysts is not a presumptive disability. 

Entitlement to service connection for actinic keratosis with sebaceous cysts to include as secondary to herbicide exposure.

A VA examination report dated in March 2013 confirms a diagnosis of actinic keratosis with sebaceous cysts. Therefore, the first element of service connection has been met.

The Veteran’s service treatment records do not document any complaints, treatment, or diagnoses related to actinic keratosis. However, he reported that he had an infected cyst on the right side of his face in 1967 and on the back of his neck in 1968. As a result, the second element of service connection has been met.

With regard to the third so-called “nexus” element, the Board notes that there are two medical opinions of record. In March 2013, the Veteran was afforded a VA examination for his skin. After examining the Veteran, reviewing the claims file, and considering the Veteran’s lay statements, the examiner opined that the Veteran’s actinic keratosis with sebaceous cysts, which was the only diagnosis rendered related to the skin, was less likely than not related to service. The examiner acknowledged that the Veteran was treated for cysts and a rash during active duty; however, they were not chronic in nature. They resolved during service and the Veteran’s exit physical was negative for any skin disorder. Essentially, the examiner found that these skin conditions were unrelated to the current benign moles and skin tags. With regard to the whether it is related to herbicide exposure, the examiner noted that the only skin condition associated with Agent Orange exposure is chloracne, which the Veteran does not have.

Recognizing the holding in Combee v. Brown, the Board remanded the Veteran’s claim for further development in December 2018. As a result, additional VA medical opinion was obtained in May 2019. The examiner opined that the Veteran’s skin disorder was less likely than not directly related to herbicide exposure or service. The examiner again acknowledged that the Veteran’s skin disorder was not a presumptive disability and that what he experienced in service is not what he now has. There is no medical evidence of which the examiner could find to support a relationship between the Veteran’s skin disorder and herbicide exposure.

The Board finds, when taken together, these medical opinions highly probative. The examiners provided clear conclusions and supporting rationale. They also considered the Veteran’s lay statements, recognized his reports of in-service skin issues as competent and credible, and explained that the Veteran’s skin disorders in service were not chronic and are not the type of skin disorders (moles and skin tags) he now experiences.

There are no medical opinions of record in support of the Veteran’s claim, and it is worth noting that the Veteran’s attorney has not advanced any specific argument related to this claim.

Thus, the only evidence in support of the Veteran’s claim is his own lay statements. However, to the extent he relates his skin disorder to either service or herbicide exposure, the Board finds that he is not credible to make such determinations. Put differently, he has not shown that he has the necessary medical expertise to provide an opinion as to the etiology of skin disorders many years after service. Although moles and skin tags are capable of lay observation, the Veteran himself has not reported, and the medical evidence of record does not show, that he had these chronically since service. As such, the Board affords more probative weight to the VA medical opinions of record.

The preponderance of the evidence weighs against the Veteran’s claim. Thus, service connection for actinic keratosis with sebaceous cysts must be denied.

REASONS FOR REMAND

1. Entitlement to service connection for hypertension, to include as secondary to herbicide exposure.

In December 2018, the Board remanded the Veteran’s claim for hypertension for additional medical opinion. Specifically, the remand cited to the recent National Academy of Sciences (NAS) report which concluded that there is “sufficient evidence of an association” between hypertension and herbicide agent exposure. 

A VA medical opinion was obtained in June 2019. The examiner did not address the recent NAS report as directed by the Board in its prior remand instructions. As such, remand is required.

2. Entitlement to service connection for end-stage renal dysfunction, to include as secondary to diabetes mellitus, type II.

As previously noted in the December 2018 BVA remand, there are several medical opinions of record addressing the Veteran’s end-stage renal dysfunction, all of which the Board has found to be inadequate. Additional VA medical opinion was obtained in March 2019. The VA examiner opined that the Veteran’s kidney disease was less likely than not caused or aggravated by his service-connected diabetes mellitus. In the Board’s prior remand, the examiner was specifically asked to address each medical opinion already of record related to this issue. This was simply not performed. As such, remand for additional opinion is necessary.

The matters are REMANDED for the following action:

1. Obtain a VA medical opinion from an appropriate clinician regarding the Veteran’s hypertension. After reviewing the Veteran’s claims file, the examiner is asked to opine:

Whether it is at least as likely as not that the Veteran’s hypertension is related to his presumed exposure to herbicide agents during his Vietnam service. 

In answering this question, the examiner must directly address the NAS update which concluded that there was “sufficient evidence of an association” between hypertension and herbicide exposure.

The examiner is reminded that when a veteran is found not to be entitled to a regulatory presumption of service connection for a given disability the claim must nevertheless be reviewed to determine whether service connection can be established on a direct basis.

A rationale for all requested opinions must be provided.

2. Obtain a VA medical opinion from an appropriate clinician regarding the Veteran’s stage III kidney disease. The examiner is asked to opine:

(a) Whether the Veteran’s stage III kidney disease is at least as likely as not related to/proximately due to his service-connected diabetes mellitus; AND whether it is at least as likely as not aggravated by his service-connected diabetes mellitus.

The examiner should address each medical opinion already of record related to this issue, including the August 2013 private medical opinion; the December 2013 VA medical opinion; the February 2014 VA medical opinion; and the May 2015 VA examination report for peripheral neuropathy.

The VA examiners found that the Veteran’s hypertension caused his renal dysfunction, but the private examiner stated that given that the Veteran’s diabetes had its onset relatively close to his renal dysfunction, it is possible that the Veteran’s diabetes went undiagnosed, and all the while was causing renal damage. A medical opinion rectifying these two theories supported by medical literature and referencing this specific Veteran’s medical history is necessary.

A complete rationale for all opinions must be provided.

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Martha R. Luboch, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.